Curia,per

Eable, J.
The question arising on the construction of this agreement, is, whether the covenants are mutual and independent, ,or dependent and concurrent; and it is supposed that this may depend, in some degree, on the interpretation of the agreement in another particular. If the sum sued for is to be regarded as liquidated or stated damages, and' not as a penalty,, then it is argued that it was clearly the intention of the parties tri make their covenants independent, and to afford each a mutual remedy by action, for the sum stipulated. It is rather the inclination of courts to regard the sum as a penalty than otherwise, but the intention of the parties, if it can be ascertained from the whole agreement, must be allowed to decide the question; Where the imention is not expressed in words, it is difficult to lay down any general rule. When a smaller sum of money is to be secured by a greater, there is no doubt that it is a penalty. And it is said in Astly vs. Weldon, 2 B. & P. 346, where articles contain covenants for the performance of several things, and then one large sum is provided to be paid, upon breach of performance, that must be considered as a penalty ; but when it is agreed, that if a party do such a particular thing, such a sum shall be paid by him, there the sum shall be treated as liquidated damages. It is very clear that where the word pen» alty is introduced, without explanation, the sum cannot be regarded as stated damages. 3 B. &. P. 630. The parties here bind themselves in the sum of two thousands dollars to fulfil their contract. The word penal sum, penalty, is not used, but it seems to have been the purpose of the contracting parties to secure the performance of the contract, rather than to assess the sum which each should pay in case of non-performance. The performance of the covenants was the main object; the sum to be paid or forfeited, the means only of compelling the performance, and of securing the damages which might really be incurred. This comes up to' the definition of a penalty, and seems as clearly to indicate the true construction as if the word had been used. Besides, the agreement on the part of the defendant, consists of several acts to be done by him, and comes within the reasoning of the court in Astley vs. Weldon. That was ah *271 .agreement, including several things to be done and performed by each, and concluded with a stipulation, “ that either of .them neglecting to perform that agreement, should pay to the other the full sum of £200.” And Lord Eldon said,''11 prima facie this is a contract, and not a penalty, but we must look to the whole instrumentAnd it was held to be a ■penalty. . The form of the instrument is nothing. Had it been in the form of a penal bond, conditioned to be void on the performance of a condition, it would have been a penalty to secure actual damage. And it is substantially that; for the parties bind themselves in that sum to perform. Sloman vs. Walter, 1 Brown Ch. Ca. 418, is a case where a bond in £500 had been entered into to secure to the plaintiff the use of a room in the Chapter Coffee House. Lord Thurlow considered the penalty as intended merely to secure the enjoyment of a collateral object, and nothing but the actual damage sustained by breach of the agreement could be ■recovered. In the opinion of the court, the sum of $2,000 is to be regarded as a penalty, to secure the performance .and to cover the actual damage. Tile main question then recurs, are the covenants mutual and independent, or dependent and concurrent. And this is to be determin.ed by the intention of the parties, ascertained from the whole instrument. The form of the agreement, and the order in which the covenants stand, are wholly immaterial. If the covenants be mutual and independent, as it is no excuse for the defendant to allege a breach of the contract on the part of the plaintiff, so without performance the plaintiff may sustain an •action for the penalty, and need not in his declaration aver performance, nor prove it on the trial. Kingston vs. Preston, Doug. 690, 691. But where the covenants are mutual conditions, to be performed at the same time, ‘they are regarded as dependent and concurrent, and neither can maintain an action against the other without showing performance, or what is equivalent to performance, a readiness and an offer to perform; or that he ■was prevented from performance by some act of the defendant; or otherwise legally discharged. 1 Saund. 320, 324. 1 Ch. Pl. 310, 314. And if we apply the rules or tests which are prescribed in several leading cases on this subject, it will be readily perceived that the covenants here are not mutual and independent. In Boone vs. Eyre, cited in note 1 H. B. 273, Lord Mansfield said, “ the distinction is clear, where mutual covenants go to the whole consideration on both sides, they are mutual conditions, the one precedent to the other. But where they go only to part, where a breach may be paid for in damages, there the defendant has a remedy on his covenant, and shall not plead it as a condition.?’ Now, it does appear to me, that the covenants contained in this agreement, do constitute the entire consideration on each side. The plaintiff, on his part, *272 .sells, and agrees to convey, by lawful title, to tbe defendant, a certain tract of land; and the defendant, on his part, agrees to give in exchange therefor, i. e. to pay in consideration therefor, five thousand dollars, to be paid thus — to convey certain real property at a stipulated price, and to pay the .balance at stated periods. This is no more than an agreement in writing, .under seal, to sell the plaintiff’s land to defendant for $5,0(^0. The act ■to be done by each, constituted the entire consideration of the covenant on the part of the other. They are therefore mutual and dependent conditions, and performance must be averred.
It is said, too, that where two acts are to be done at the same time, as where A covenants to convey an estate to B, on such a day, and in consideration thereof B covenants to pay A a sum of money on the same day, neither can maintain an action without showing performance, though ■it is not clear which is to do the first act. And this applies particularly -to all cases of sale. 1 Saund, Rep. 320, 321. 1 Ch. Pl. 314. And Mr. Chitty lays it down generally, where there are mutual promises and agreements, yet if one thing be the consideration of the other, the plaintiff’s performance must in general be averred. Cattonet vs. Briggs, 1 Salk. 113.
Now, according to.either of these tests, it will not be questioned, on a just interpretation of the agreement, that the covenants were dependent and concurrent. There was no time stipulated for the performance, except that I would infer it to have been the intention of the parties, that conveyances should be executed before the 1st January, 1837, when the first money payment fell due. It is clear, however, that the defendant could not be required to convey until the plaintiff conveyed. He was to convey to the plaintiff, in exchange for the land to be conveyed by the plaintiff to him. The plaintiff’s conveyance was the consideration of his ; and both were to be executed at the same time.
The plaintiff, therefore, according to all the rules and tests, could not maintain an action for the penalty without averring and proving performance, or something equivalent to performance ; as that he tendered performance, which was refused; that he was ready -and offered to perform; or that he was prevented or discharged from performance by the defendant.
Th.e plaintiff avers in his declaration, that he was ready and willing, and has ever been ready and willing, to perform, and offered to perform. The proof was, that he called on the defendant,-and told him he Was ready to perform his part of the .contract; to which the defendant replied, he did not feel bound, and refused. There was no tender of conveyance by the plaintiff, nor proof that in fact he had one prepared, nor that he had lawful title in himself.
*273 And the question is, does that proof satisfy the averment in the declaration of readiness to perform, and entitle the plaintiff to recover. And supposing it to have been properly averred in the declaration, that the defendant refused to allow the plaintiff to perform, and absolutely discharged him therefrom, yet Lapprehend that alone, upon the proof here made, would not suffice. The covenant, it must be borne in mind, is by deed under seal; it could not be discharged by parol, not by any thing short of a release. A mere declaration in words by the defendant, that he did not intend to comply, could not have the effect, as matter of discharge merely, without other proof of tender or readiness, to dispense with the performance on the part of the plaintiff. And to this effect the case of Cordwent vs. Hunt, 8 Taunt. 596, is decidedly in point. See also 7 Taunt. 596, Thompson vs. Brown.
Regarding the case therefore as depending on proof of performance, or of something equivalent to performance, the enquiry is, whether the proof made satisfied the averment of readiness and offer, sufficient to dispense with the proof of tender of titles, and refusal by the defendant, which it is conceded would have been enough, if in fact he had title ; the refusal of the defendant in such case, being an act, not a declaration, which prevents actual performance and makes him liable." And upon this head, says Mr. Williams, in his note to 2 Saund. 353, the principle of all the cases seems to be, that where the plaintiff himself is to do an act to entitle himself to the action, he must either show the act done, or if it is not done, at least that he has performed every thing that was in his power to do. Lancashire vs. Killingworth, 2 Salk. 623. 1 Lord Ray. 687. 12 Mod. 530. What, then, was it incumbent on the plaintiff to perform 1 He was to convey by lawful title, in exchange for which the defendant was also to convey. A tender of titles and refusal by defendant, would satisfy the averment. The averment is, that he was ready and willing; under such an averment, without actual tender of title, the plaintiff must at least prove actual readiness, not a mere declaration. Philips vs. Fielding, will serve to illustrate the principle. By the conditions of an auction sale of an estate, it was stipulated that the purchaser should pay down a deposite and sign an agreement to pay the remainder, at a certain time, on having a good title ; and that he should have a proper surrender of the estate, on payment of the purchase money. In an action by the seller, it was held not sufficient to state in the declaration that he had been always ready and willing, and frequently offered to make a good title to the estate, and to make a proper surrender. But he should have averred that he actually made a good title and surrender, or a tender and refusal; and also to have shown what title he had. It was adjudged on demurrer, that the declaration was *274 bad. Per Lord Loughborough, 2 H. B. 123. Wyvell vs. Stapleton, 8 Mod. 68, 381. In Jones vs. Barkley, Doug. 684, the plaintiff’s right to recover depended on the assignment of an equity of redemption, and also s>. general release to one Lane ; and he averred that he offered to assign jthe equity of redemption, and to execute the release, and that he tendered to the defendant a draft of such assignment and release for his approbation, and offered to execute and deliver the same ; but that the defendant absolutely discharged the plaintiff from executing the same or any other. And it was held sufficient. Lord Mansfield said, “ the party must show that he was ready; but if the other stops him,: on the ground of an intention not to perform his part, it is not necessary for the first to go farther and do a nugatory act.” “ The plaintiff had done every thing in his power .to perform the agreement, and the defendant only had been guilty of the neglect.” So in Goodeson vs. Nunn, 4 Term. 761, plaintiff agreed to convey, on or before the 2d September, all .that copydiold tenement, &c. to the defendant, who, in consideration thereof, covenanted to pay plaintiff ¿6210, on or before the same day; and on failure, to pay him ¿621. In debt for the penalty of ¿621, it was held that .they were dependent covenants, and the plaintiff could not recover without showing a conveyance, or a tender of one.
Morton vs. Lamb, 7 Term. 125; Glazebrook vs. Woodrow, 8 Term. 366; Ranson vs. Johnson, 1 East. 203; Bordenave vs. Gregory, 5 East. 107; are authorities directly on the point; all going to establish this proposition, before stated, that the plaintiff must show that he had done every thing in his power to do, towards the execution of the contract on his part ;• Where a conveyance is to be execrated, it must be tendered, or there must be an offer to execute, and ability to do so; and in case of the payment of money, that the party should not only say he is.re.ady and willing, but prove that he actually has the means; and that the refusal to accept on' .the part of the defendant, puts it out of h'is power to go further.
In the case under consideration, it is clear, that the plaintiff did not perform all that was in his power to do. He neither tendered a title, nor showed that he had title, and was actually ready tq convey. The declaration of the defendant, that he did not mean to perform, djd not exempt .the plaintiff from the necessity of proving that he was .actually ready. ■The defendant did not refuse to allow him to perform.
The motion is refused.
JIichardson, Evans, and Butler, concurred.